**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Forrest Michael SANDERS,
Defendant-Appellant.**

No. 85–3171.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 1986.
Decided Sept. 11, 1986.

Bryon H. Dunbar, Billings, Mont., for plaintiff-appellee.

Michael Eakin, Advisory Counsel, Billings, Mont., for defendant-appellant.

Before WRIGHT and ANDERSON, Circuit Judges, and PRICE,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Forrest Michael Sanders (appellant) appeals from his conviction on two misdemeanor counts. Appellant claims that he has been improperly convicted because he is an enrolled member of the Crow Tribe. We affirm.

## I. BACKGROUND

The operative facts are undisputed. On June 22, 1984, appellant was approached by a National Park Service (NPS) officer while at the OK-A-Beh launch in the Bighorn Canyon National Recreation Area (recreation area). The officer questioned appellant about the nonfunctioning taillights on his boat trailer. During this discussion, the officer noticed a loaded revolver on the front seat of appellant's truck. The officer seized the revolver and appellant fled the scene in the truck. After being apprehended later that day, appellant was cited for failure to maintain properly functioning taillights, M.C.A. 61–9–204, and possessing a loaded weapon within a motor vehicle, 36 C.F.R. § 2.4.[1]

Appellant was convicted of the two misdemeanor charges, after a federal magistrate bench trial, and fined $120.00. The district court affirmed the magistrate on appeal. Appellant now brings his appeal before this court. He argues that, as to the traffic offense, Montana law was erroneously applied. As to the weapons offense, he claims that the federal regulation improperly limits his reserved hunting rights.

## II. ANALYSIS

This appeal involves solely questions of law, which we review *de novo*. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

---

* The Honorable Edward Dean Price, District Judge for the Eastern District of California, sitting by designation.

1. Appellant was also cited for failure to maintain a driver's license, but was acquitted of this charge at trial.

### A.  *The Traffic Offense.*

As noted above, appellant was cited and convicted under a Montana statute for failure to maintain properly functioning taillights.  Appellant asserts that the NPS cannot apply Montana law in this situation because the location of the incident was within the boundaries of the Crow Reservation and, therefore, the NPS is bound by 36 C.F.R. § 4.1 to apply Crow tribal law.  This argument raises two questions.  The first is whether or not the location of the incident is within the reservation, for it is clear that state traffic laws apply to violations that occur off the reservation.  The second is whether, assuming the violation occurred on the reservation, section 4.1 requires application of Crow law.  In order for appellant to prevail, both of these issues must be resolved in his favor.

There is no dispute that the incident occurred at the Ok-A-Beh landing, which is in both the recreation area and the original Yellowtail Dam "taking area."  The original Yellowtail Dam "taking area" is that land that was taken from the Crow Tribe by Congress, pursuant to the Act of July 15, 1958, Pub.L. 85–523, 72 Stat. 361, for the purpose of establishing the Yellowtail Dam and Reservoir.  The recreation area was established in 1966 "to provide for public outdoor recreation use and enjoyment of the proposed Yellowtail Reservoir."  16 U.S.C. § 460t.  The recreation area utilizes land around the reservoir, and encompasses the entire reservoir itself and, thus, the original "taking area."  Under provisions of the Bighorn Canyon National Recreation Area Act, 16 U.S.C. §§ 460t, *et seq.*, part of the reservation has been included in the recreation area, but those lands remain a part of the reservation.  It is an open question, however, whether the original "taking area," and thus the Ok-A-Beh landing, was completely removed from the reservation by the Act of July 15, 1958.  Appellant argues that only a right-of-way was granted.  This is not the appropriate forum to decide what may be disputed title, however.

Part 4 of Chapter 36 of the Code of Federal Regulations regulates vehicles and traffic safety within park areas, including the recreation area at bar.  Section 4.1 provides, in pertinent part, that "the laws and regulations of the State within whose exterior boundaries a park area or portion thereof is located shall govern traffic and the operation and use of vehicles."  36 C.F.R. § 4.1 (1985).  "State" is defined in section 1.4 as "a State, territory, or possession of the United States."  36 C.F.R. § 1.4(a) (1985).  Appellant argues that the NPS is therefore required to apply the law of the Crow Reservation because the phrase "State, territory, or possession" includes Indian territory.  This, too, is an open question.

■ This situation is but one example of many similar jurisdictional disputes in the western states.  We decline appellant's invitation to engage in what amounts to a boundary resolution adjudication, because many potentially interested persons and entities are not parties to this petty misdemeanor case.  We nevertheless wish to provide some guidance in this area to those who need it most—the government agencies that serve and protect the Nation's parks and recreation areas.  Regardless of whether the "taking area" is or is not a part of the reservation, we feel that the government's interest in the recreation area itself is sufficient to justify the regulatory scheme that has been imposed.  The NPS has reasonably interpreted section 4.1 to apply Montana traffic laws in this situation, and we uphold that interpretation.  Thus, the conviction on this count is affirmed.

### B.  *The Weapons Offense.*

■ Appellant also contests his conviction of violating 36 C.F.R. § 2.4(b), which prohibits "[c]arrying or possessing a loaded weapon in a motor vehicle,...."  Appellant argues that the conviction must be reversed because enforcement of section 2.4(b) against Crow Indians infringes on their reserved hunting rights.  We disagree.  The regulation does not limit the number or type of game that may be taken, nor does it restrict the location at which

Indians may hunt. In short, it does not regulate hunting. It merely forbids the transport or storage of loaded weapons in motor vehicles. We hold that appellant's hunting rights are not infringed by this regulation.

Accordingly, for the reasons stated in this opinion, the judgment of the district court is

AFFIRMED.